## VICTORY BELT CO. v. MARSHALL FIELD & CO.

(Circuit Court of Appeals, Seventh Circuit. May 20, 1924.)

No. 3222.

1. **Patents ⊙⇒328—1,177,079, for belt, held valid and infringed.**
   The Agrilla patent, No. 1,177,079, for an improved belt, consisting of a chain of overlapping links, *held* not anticipated, valid, and infringed.

2. **Patents ⊙⇒168(2)—Division of application held not to create estoppel.**
   A request by the Patent Office for a division is not an adjudication of the invalidity of a claim, nor does acquiescence therein estop the patentee to claim what was in a canceled claim, if it is also within a claim allowed.

3. **Patents ⊙⇒157(1)—Words are to be construed as used by the patentee.**
   Words are to be construed in the sense in which they were used by the patentee, when this can be done without excluding anything, or adding anything not fairly within the claims.

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Victory Belt Company against Marshall Field & Co. Decree for defendant, and complainant appeals. Reversed.

Charles Hudson, of Chicago, Ill., for appellant.

James N. Ramsey, of Cincinnati, Ohio, for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge. Plaintiff below appeals from a decree of the District Court, dismissing for want of equity its bill brought for injunction against alleged infringement of patent No. 1;177,079, Agrilla, for improvement in belts, and for accounting. The leather belt being sold by appellee, defendant below, is identical in construction with that of plaintiff, claimed to be protected by claim 2 of the patent in suit. Defendant contends that the patent is void for want of invention, and that, if the patent is valid, neither belt is within it. We shall discuss these questions in their order:

[1] Plaintiff's original application made three claims:

(1) "A chain comprising a series of links, each link consisting of a looped portion and two adjacent ends, said ends having registering slits adjacent the looped portion and adjacent the forward edges of said ends, the looped portion of the second link being passed through and doubled over in the slits nearest the looped portion of the first link and the looped portion of the third link being passed through the slits nearest the forward edges of the first link and also the slits nearest the looped portion of the second link, and so on with each succeeding link to form a continuously reinforced chain, substantially as described." (2) "A chain comprising a series of links, each consisting of three integral sections, two of which are provided with slits and are folded over on each other to bring said slits in registration, and a slit adjacent the end of the third section, the looped portion of the second link extending through the registering slits of the first link, and the slits thereof registering with the slits in the third section, and the looped portion of the third link extending through the registering slits of the second link and the slit in the third section of the first link, and so on with each succeeding link to form a continuously reinforced chain, substantially as described." (3) "A chain comprising a series of links, each consisting of three integral sections, two of which are provided with slits and are folded over on each other to bring said slits in registration, and a slit adjacent the end of the third section, the looped portion of the second link extending through the registering slits of the first link and the slits thereof registering with the slits in the third section, and the looped portion of the third link extending through the registering slits of the second link and the slit in the third section of the first link, and so on with each succeeding link to form a continuously reinforced chain, substantially as described;"

The Examiner ruled that 1 and 3 (now 2) covered the construction shown in Figures 1, 2, and 3, of the drawings, and excluded the construction shown in Figure 4, while claim 2 of the original application included the construction shown in Figure 4 and excluded that in Figures 1, 2, and 3, and said: "Division under rule 42 is therefore required." Thereupon applicant canceled said claim 2, renumbered claim 3 as claim 2, and added two new claims, 3 and 4, which, not providing for any connection between links other than with the ones immediately

preceding and succeeding, were rejected upon Rump, 216,533. The Examiner said:

"It is believed that claims 1 and 2 cover all novelty that exists in the application."

The essential element of plaintiff's invention is the link and its manner of connection with other links. The link consists of a piece of leather slightly narrowed in the center where it is designed to loop over, double, so as to form a link. This central portion of the leather is correctly designated by plaintiff "looped portion." On each side of the looped portion and equally distant from the center is a transverse slit, both of which slits, when the link is doubled or looped, register or correspond and through which the preceding link loops. Claim 1 evidently referred to links that had, not only these two transverse slits, but also two others of similar character, nearer the respective ends of the link, which also registered when the link was doubled, and through which the link secondly preceding looped. In this manner both end portions of each link were looped to the secondly preceding link, while the slits nearer the looped or central portion furnished connection with the first preceding link. Thus each link was doubly connected with the two preceding links, thereby strengthening and reinforcing the belt. In the belt in suit, however, one end of the link is cut off a short distance beyond the first slit, so that when the loop portion is doubled, the two slits nearest the looped portion register just as in the first mentioned construction, but only the slit in the long end reaches the second preceding link, and connects with it. Thus the connection with the first preceding link is, in each construction, double, and with the second preceding link in the first described construction double, but, in the belt in suit, single. This is a difference of degree only, not of kind; and if either constitutes invention, so also does the other. In our opinion either is within claim 2 as it now stands. That claim is broad enough to cover a belt constructed under claim 1 as well as one constructed like those in suit.

In support of alleged invalidity and anticipation, defendant cites the prior art of Rump, No. 216,533, Frothingham, No. 594,201, Weaver, No. 665,043, and Losh, British, No. 10,058, each of which covers chains or belts, consisting of links, each one of which is attached only to the link immediately preceding and to the link immediately succeeding, so that in case one link is broken, the chain is broken. In Losh's patent, which is nearer plaintiff's than any other cited, the patentee states that in some instances, he has made chains in which each link *passes through two* other links, but he does not claim or specify as a part of his invention any reinforcement of any of his chains, by physically connecting each link with any other than the first preceding link and the first succeeding link. We find nothing in the Losh claim to substantiate the contention of defendant that it included a chain the links of which were so connected that if one were broken the chain would not break.

Plaintiff's inventive art lies in the fact that its patent claims for an object a chain "wherein a portion of each succeeding link overlaps and thereby reinforces a portion of the next succeeding link or vice versa,"

"so arranged that every third link of a series of three links connects with both the first and second link of the series and thereby forms a continuously reinforced chain." The applicant, in claim 2, claimed:

"A chain comprising a series of links, each provided with a looped portion and aligned end portions having slits, the looped portion of each succeeding link passing through the *slits* of the preceding *links* and having a portion adapted to register with a portion of the next *preceding* link to reinforce the links, and form a continuous chain, substantially as described."

As we have seen, in the belt in suit each link is connected, not only with the ones immediately preceding and succeeding, but also with the second preceding one, so that in each the breaking of one link will not break the chain, but only one of two connections or attachments. This constitutes a reinforcement amounting to an improvement over the prior art, and differs from the so-called reinforcement which Losh claimed, in that he did not *connect* any link with any other than the one immediately preceding and the one immediately succeeding, even though he may have sometimes passed a link through another before connecting it to the one secondly preceding.

In Rump's claim each link was connected to the two immediately in front of and behind it, but did not overlap, or connect with, any others, or reinforce the chain. The same is true of Weaver and Frothingham, whereas in plaintiff's product each link is *connected with two preceding links*. The Patent Office believed that this distinction and improvement constituted invention, and allowed the patent. Bearing in mind that "all reasonable doubts are resolved in favor of the validity of the patent," and observing the essential difference in construction and in result, and the practical advantage of a chain which does not break when one of its links is broken, we believe that Agrilla's art constituted invention, not anticipated, and not mere mechanical skill, and that the patent is valid.

Defendant urges that, upon a division being called for, plaintiff, by canceling old claim 2, abandoned said claim, and that the belt in suit was embraced within the construction covered by said abandoned claim, and that complainant is now estopped to assert its claim under the patent against the belt in suit. The request for division was not of itself a rejection of complainant's claim. Steinmetz v. Allen, 192 U. S. 547, 24 Sup. Ct. 416, 48 L. Ed. 555; Aurora Co. v. Kauffmann, 243 Fed. 911, 156 C. C. A. 423. Nor can we conceive of any estoppel arising against one only because of his acquiescence in a request for division, if the particular product in suit comes within a claim retained. In such case to constitute an estoppel the facts must be such as to bring the case within the rules governing estoppels in pais. The ruling of the department was that:

"Claims 1 and 3 cover specifically the construction shown in Figs. 1, 2, and 3 and exclude the construction shown in Fig. 4, while claim 2 includes the construction shown in Fig. 4 and excludes that shown in Figs. 1, 2, and 3. Division under rule 42 is therefore required."

[2] Plaintiff acquiesced therein to the extent that he consented that claim 2 be canceled. In effect he said by his actions, not that he admitted the correctness of the Examiner's statement, but that, in view

of the Examiner's request for division, he would not pursue said claim further; but he retained in his application Fig. 4, under which he now claims, and never by any act, deed, or statement intimated that he did not still rely upon it, and base invention upon it through the claims retained by him. Rather this positive act of retention of Fig. 4 after canceling claim 2 indicated an intention upon his part to insist upon the invention he now claims under the retained claims as illustrated by Fig. 4. If the facts were such as to indicate an intent upon the plaintiff's part to accede to a ruling that limited the meaning of the words used by him—an intent to accede to the proposition that "aligned" should mean, not what it is evident he used it to mean, but as equivalent to "register," the principles of estoppel in pais would probably apply. But such facts do not appear. There is no element of fact tending to create such an estoppel. His express retention of Fig. 4, and his clear intent to use in his retained claims the word "aligned" in the very sense in which he now uses it, conclusively rebuts any intent to do anything to mislead others to their injury. The request for division is not an adjudication against the validity of the claim, nor of itself alone an estoppel in law. So, even if the belt in suit was within the claim canceled, it being also within the claim allowed and shown by a figure retained, the plaintiff is protected.

It may be, as suggested by plaintiff, that the Patent Office requested a division because it considered present claim 2 a generic claim, and claims 1 and the then 2 both specific claims, on the ground that where there is a generic claim, any specific claim other than one shall, under the Patent Office rules, be submitted in a separate application for a patent. But, even if such was the basis of its request, we fail to appreciate the force of any contention that an article within the generic claim as allowed should be held invalid upon the ground of estoppel because it may also have been within a specific claim withdrawn, when division was requested.

[3] But it is contended by defendant that it has not aligned the end portions, as contemplated by the terms of plaintiff's patent. Considering plaintiff's specifications, claims, and drawings, it is apparent that the plaintiff has used the words "register" and "align" as meaning different things. By "register" plaintiff manifestly means "to make correspond exactly one with another; to fit correctly in a relative position; to be in correct *alignment* one with another as rivet holes," using the word with reference to the slits, which fall in the same relative position when the link is doubled, and using the word "align" to mean, to run in the same direction, referring to the relative lineal direction of the two end portions when they are doubled, not that the ends are of the same length, but that the end portions are "arranged" in a line, or row, or rows and are in two parallel planes. Such use of the words is proper. Furthermore, plaintiff has the right to "the construction placed upon words by the patentee, when this can be done without excluding anything or adding anything that is not fairly contained therein." Safety Car Co. v. Gould (D. C.) 229 Fed. 429; Stromberg v. Zenith, 254 Fed. 68, 165 C. C. A. 478. So, using "align" to mean what the patentee intended, it is apparent that it is not necessary in order to constitute infringement, that the two end portions of the link

be of the same length after the loop is completed. In our opinion defendant's belt is plainly within claim 2 of the Agrilla patent.

The decree is accordingly reversed, at the costs of appellee, with directions to enter a decree in accordance herewith and an accounting by defendant.